ELEANOR F. NICHOLES *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 19, 1900.*

SPECIAL ASSESSMENTS—*when a confirmation judgment should be set aside to permit heirs to defend.* A confirmation judgment entered by default after the death of the property owner, who had appeared and filed objections, which were pending for jury trial at the time of his death, should be set aside, upon motion made in apt time in the trial court, and the heirs be let in to defend, where such heirs had no knowledge of the pending proceeding in time to avail themselves of their right of substitution.

APPEAL from the County Court of Cook county; the Hon. JOHN H. BATTEN, Judge, presiding.

HEREN, ROBERTSON & LONG, for appellants.

CHARLES M. WALKER, Corporation Counsel, and ARMAND F. TEEFY, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The city of Chicago filed its petition for the levy of a special assessment to pay for curbing and paving a street in that city. An assessment roll was made and returned into court showing certain premises assessed in the name of Charles W. Nicholes in the sum of $1058.20. Notices were mailed, published and posted according to law, and in response thereto the said Charles W. Nicholes entered his appearance, alleging himself to be the owner of said premises, and filed objections to the assessment. On July 3, 1898, while these objections were pending for hearing, said Charles W. Nicholes died, leaving appellants, his devisees and heirs-at-law, owners of said property as tenants in common. On July 8, 1898, said Charles W. Nicholes was defaulted, his objections were overruled and there was a hearing before a jury with a verdict in

favor of petitioner, followed by an order of court confirming the assessment. On October 21, 1898, appellants entered their motion in writing to set aside said judgment against their property, and that they be substituted for said Charles W. Nicholes and permitted to defend against said assessment. The motion set forth the death of said Charles W. Nicholes, and that he was the owner in fee simple of the property which passed to appellants at his death, and alleged that they had no knowledge of said hearing or judgment until October 12, 1898, after the expiration of the term at which the judgment was rendered, and that they had a good and valid defense to the said assessment. One of the objections filed by Charles W. Nicholes was, that there was a judgment confirming a special assessment against said property for curbing, grading and paving said street at the same place of the proposed improvement, which judgment was in full force, and the motion alleged that such prior judgment was a valid and subsisting assessment for the identical improvement for which this assessment was made against said property. There was a hearing of the motion and the court overruled it.

The proceeding for a special assessment is *in rem,* and it is conceded by all parties that the court had acquired jurisdiction, and the judgment is not void but binds all parties concerned, unless taking the default of Charles W. Nicholes after his death, overruling his objections and entering judgment against his property constituted an error in fact which might be assigned in the court in which the judgment was rendered. If the judgment is voidable for such an error of fact the error may be corrected by motion, under our statute, and the appellants be let in to defend. (Rev. Stat. chap. 110, sec. 66.) The position of appellee is, that on account of the nature of the proceeding it is not error to take the default of an owner who has appeared and submitted to the jurisdiction of the court and has filed objections which are pend-

ing for trial, although such owner may have died before the default. In determining this question it is not material whether a statute must necessarily give the property owner an opportunity for a hearing, or that the statute must provide that the contest shall assume the form provided by our statute. By direction of the legislature the proceeding partakes not only of the nature of a proceeding *in rem*, but also of a personal action. The statute provides for a judicial determination for the protection of owners of property and for notice and an opportunity to make their objections, and to have the same tried and determined. The court cannot enter a judgment by merely proceeding against property, but must acquire jurisdiction of the owners or persons interested in the manner provided by the statute. In any judicial proceeding the court must have jurisdiction; and this is twofold, including authority over the subject matter and over the parties concerned. The statute gives jurisdiction over the subject matter, and provides for obtaining jurisdiction of the parties by notice in the nature of service of process and as an equivalent therefor. The legislature may, from the necessity of the case, prescribe such a notice and give it the effect of process against the owners and parties interested. The person who has paid the taxes for the last year, who is presumably the owner or his representative, is required to be notified, and the statute makes provision for mailing and publishing notices intended to give the owners and all persons interested notice of the proceedings. If the statute is not obeyed and the court does not acquire jurisdiction of the parties interested the judgment is void, and, as we have uniformly held, may be disputed or called in question anywhere. The notices posted and published are to be directed to all persons interested, and to notify them that they may file objections before the day of the hearing and may appear on the hearing and make their defense. Any person interested in real estate affected by the as-

sessment may appear and file objections. The court is required to hear objections not triable by jury, and the question of benefits is to be tried by jury unless waived by agreement of the parties. Every person may introduce evidence, and "the hearing shall be conducted as in other cases at law." If a judgment is rendered it must be paid by the owner or his estate in the land will be lost to him, and parties interested have a right to appeal or sue out a writ of error. In this case, the necessary jurisdiction over the person of Charles W. Nicholes was regularly obtained. He entered his appearance and submitted himself to the jurisdiction of the court. He filed his objections to the assessment, and they were required to be tried by a jury unless he should waive that right, and they were pending for trial when he died. The jurisdiction having once attached the judgment is not void and it cannot be attacked collaterally; but there can be no doubt that if appellants, who became the owners of the property by the death of Charles W. Nicholes, had known of the proceeding they would have had a right to suggest his death and be substituted in his place. Upon such suggestion being made it would be error for the court to refuse the substitution. They did not know of it, and lost a right by no fault or negligence on their part. The rights of the parties are not to be determined by the question whether the action would abate upon the death of Charles W. Nicholes, nor by the question from which side the suggestion of death should come. In such a case as this, where the owner has appeared, submitted to the jurisdiction of the court and filed his objections, which are pending for trial, we cannot find any reason for distinguishing the rights of the parties from other cases where a defendant dies before judgment. The judgment may be vacated by a motion in the court where it was rendered and the heirs may be let in to defend. No suggestion being made of record of the death of Charles W. Nicholes, the court assumed that he was living, and proceeded to

judgment, and the appellants did not know of the proceeding in season to avail themselves of their right of substitution.   The motion should have been granted.

The judgment of the county court is reversed and the cause remanded, with directions to allow the motion.

*Reversed and remanded.*